Good morning, Your Honors. May it please the Court, my name is Paula Harris from the law firm of Harris & Harris. I represent the petitioner, Samvel Terterian, and I've also been asked by the Court to address the issue whether petitioner's notice of appeal, the EOIR form 26, which was the same form used in the case of Rojas Garcia v. Ashcroft, and there held insufficient, stated with sufficient particularity, the grounds for his appeal, such that summary dismissal was inappropriate, both in the Rojas Garcia case and in the case before the Court presently. Petitioner submits that his notice of appeal did state, with sufficient particularity, the grounds for his appeal pursuant to the cases of Casas Chavez v. INS and Takero v. INS, such that the Board's summary dismissal of his appeal violated due process. Ms. Harris, I'm going to ask you the same question that I just asked Mr. Arts. Haven't you waived your challenge to the Board's decision by not addressing the issue in your opening brief? Your Honor, I believe I have not for several reasons. First of all, the case before the Court that I'm presently representing Mr. Terterian on is an asylum case. I believe the Ninth Circuit has jurisdiction over asylum cases as to the merits of those cases. Secondly, under the streamlining procedures which have gone into effect with the Board, most recently, they've been amended, I believe, in 2002, but they went into effect first in 1999, allowing one panel Board member decisions to speak for the entire Board, and basically saying, I affirm the decision without a decision, or in this particular case, I summarily dismiss the decision without a decision on the merits, leaves the issue for the actual merits of the claim before the Ninth Circuit, because with the streamlining procedures, the decision of the Board, in effect, adopts the position of the immigration judge, which has happened in this particular case, and the Board runs the risk of having the decision overturned when they fail to state a decision on the merits. So I don't believe it was necessary to, in fact, raise that particular issue within my brief, because I believe this Court does have de novo jurisdiction over the merits of the case. So let me take this in pieces now. You concede, do you not, that this Court has now issued its decision of holding the validity of the summary adjudication procedure? As has seven other circuits, Your Honor, yes. Correct. Okay. So that's established law. Yes. Now the issue, I guess, is, is it your position that administrative proceedings for aliens are exhausted at the conclusion of the immigration judge proceeding, and therefore, any further relief that the alien might choose to seek before the BIA is no longer required to exhaust administrative remedies? No, Your Honor, that's the government's position. My position is that the decision of the immigration judge, when, in fact, it becomes streamlined by the Board, there's been no exhaustion of remedies because the Ninth Circuit has de novo jurisdiction to review that decision of the immigration judge in its entirety. So I'm not sure you understood my question. Maybe I didn't articulate it very well. We have a doctrine that says that we do not exercise Article III jurisdiction until administrative remedies have been exhausted. So the question is, is it the position that you're now urging upon us that that doctrine no longer applies, that once the immigration judge makes the decision without regard to what happens afterwards, we can exercise Article III jurisdiction over the case? Your Honor, I believe that you can. I believe there is no exhaustion of remedies in this particular case because I believe the Court, again, and I'm saying the same thing, does have de novo jurisdiction over the immigration judge's decision in its entirety because the Board neglected to issue any decision on the merits of the case. And, in fact, with the streamlining it, the immigration judge's decision does become the final decision such that the Board does have jurisdiction, excuse me, the Court does have jurisdiction to review it. I think I understand your position. Okay. Thank you. Okay. The Rojas-Garcia case is easily distinguishable from the present case before the Court. In that case, the notice of appeal did not challenge, excuse me, did not challenge why the appeal was being made. It did not challenge the facts upon which the judge's interpretation or application of the facts were being made. It merely stated four particular grounds, which were legal issues before the Court, and then it failed to cite any authority whatsoever for indicating that those issues were before the Court. So I believe in Rojas- Garcia's case, there was no authority cited in the notice of appeal in this case. No authority was cited. There was no case law that was the grounds for the appeal. The grounds for the appeal in the Tertarian case was strictly upon the facts. The Petitioner who filed the notice of appeal himself, he did not have counsel, stated, I believe with sufficient clarity, that the judge's error was his consideration of the facts, considering Petitioner's persecution and its nexus to any protected grounds, such that a reasonable person in the judge's position would have granted asylum. He stated the protected grounds. He stated the facts which evidenced his persecution. I believe it was sufficient to put the Board on notice of the immigration judge's error and, in fact, what issues were properly before the Board. So, in fact, he didn't state any matters of law. He stated matters of fact only. He said, being a member of a social group in my political opinion. You're right, Your Honor. Those are protected grounds. And it was, it was... Do you think any social group is a protected ground? No, Your Honor. In fact, he stated more than that. He stated his political opinion. He stated his religious beliefs. What was the political opinion stated in the notice of appeal? Your Honor, I believe it just indicates his political opinion, but when you go back to the record, it talks about the fact that he was a member of the Armenian Revolutionary Party, and that was in the record. In looking at the notice of appeal, are we required to go back to the record to supplement the statement of reasons? Or are we to look at the notice of appeal itself to see whether or not the basis for appeal is sufficiently articulated? No, Your Honor. Under the case law, you're required to go to the notice of appeal. And I think noting that he was not an attorney, the fact that he stated that he did have protected grounds, he indicated what the protected grounds were. He indicated the judge misapplied the facts in his particular case. I think that was legally sufficient to put the board on notice of what the issues that were being challenged were and what the judges' fear. Where does the board know where to look? It seems to me that the concern here, as identified in Rojas Garcia, is that boards of immigration appeals and courts are not left like pigs looking for truffles in order to figure out what the facts are. In the record, that is the job of the alien or his representative. And the question, which I think Judge Rawlinson is asking you, is where in this particular notice of appeal is there any clue as to where we should begin to look for the facts that support these arguments? Again, Your Honor, while it is, they are stated rather generally, I believe that the petitioner did identify what the grounds upon which he was seeking political asylum. It did indicate the judge misapplied the nexus between the grounds and the facts in his particular case. It indicated the judge made an error in failing to take into ground that he suffered past persecution, had a well-founded fear of future persecution. And I believe, you know, that is basically the essence of an asylum claim and that the board would certainly be put on notice that they were going to look at the grounds upon which he was seeking asylum, whether it be his political opinion, it be his religious beliefs, it be that he was a member of a particular social group. And I think that they knew basically where to go in terms of whether or not he met any of those standards and whether or not the facts were sufficient to prove that he had sufficient persecution to allow him to have been granted asylum. The board decides these things every day. I really think in this particular case the notice was sufficient. So basically the board would just have to read the record and try and pick out which facts met the various categories for asylum? Well, Your Honor, the board is obligated to read the record anyway. So I think it basically zeroed in exactly what he was claiming, what the ground was, what the persecution was. It indicated he was beaten. It indicated he was deprived of human rights. All that was put into his notice of appeal. It's for the board to determine whether or not the actual persecution rose, the facts rose to the level of actual persecution. I don't think that they could have been misled by this notice of appeal at all. I do think it was legally sufficient in this case. It's not a matter of being misled. It's a matter of being fully informed as to the basis for appeal. Your Honor, I clearly think they were in this case. Moving on. Further, under Castillo-Manzanares, the court held in that case, and again, we're also addressing the issue of due process, whether or not the petitioner's due process rights were violated by the summary dismissal. They indicated that summary dismissal does not turn solely on the propriety of the board's procedures. It involves an inquiry. Well, how can we even listen to your argument in that regard if you didn't brief it in your opening brief? Well, Your Honor, again, my opening brief dealt with the merits of the petitioner's asylum claim. But now you're arguing a due process violation based upon summary dismissal. All right, Your Honor, I'm just taking the Rojas. How can we entertain that argument if you failed to raise it in your opening brief? Well, Your Honor, again, it's going back to the Rojas-Garcia case, the issues that were raised in that case, which is what I was asked to address. So if you don't want me to address that, then I'll move on to another point. I mean, if you have an answer, fine. If that's the best answer you have, then I understand your answer. Yeah. Well, I believe it does emanate from the Rojas-Garcia case. All right. Thank you, Counsel. Your time is up. Good morning. May it please the Court. Russell Verben, on behalf of Attorney General John Ashcroft. I'd just like to make two quick points before I do discuss Rojas-Garcia. First, we do believe that the issues with regard to the summary dismissal were waived because they were not briefed. I will not parrot Mr. Cunningham's arguments. You've already heard them. He and I are from the same office. Second, I disagree with the ---- Do you have a different answer to Judge Noonan's case regarding your waiver of the waiver argument if you addressed it in your brief? No, Your Honor. It's a protective argument. You know, fault us for being clairvoyant or that we can actually protect ourselves that if the Court does get to a certain issue, we at least have an argument before the Court that can be considered. I don't ---- It's not faulting you at all. It's just saying it's no fairness to you since you've thought about it. Let me ask you how you distinguish the notice in this case from the notice in Vargas. I assume you're familiar with that. Yes, Your Honor. That was a very vague ---- Certainly, Your Honor. ---- statement without any reference to authority. Sure. But we held it was good enough. Yes, Your Honor. So having decided Vargas, how are we going to decide this differently? Well, Your Honor, I think you just need to look at this case. I don't know if it's necessarily putting notices of appeal against each other, but you have to look at what is the purpose of giving the Board of Immigration Appeals notice of your bases for appeal. Do you give them sufficient information? Well, let's start with the absence of legal authority in both things. That's true, is it not? Absolutely, Your Honor. There's no legal authority in this case. And both of them have statements, well, the immigration judge didn't take into account all the facts. Well, he doesn't say what facts, Your Honor. That's a big issue in this case. All he says is, I disagree with the immigration judge, and then he makes some statement that I was beaten in prison and deprived of my human rights. What human rights are you deprived of? One other thing that's difficult about this case is that Mr. Tarian says, I am in due asylum based on every characteristic listed in the asylum statute. And those were not the characteristics, all of them, were certainly not the characteristics that issued before the immigration judge. He doesn't even identify which characteristics apply to him and what may his religious beliefs have been, what may his political beliefs have been, what social group he belongs to. This notice to appeal is the classic concern from Valencia. Well, if you're a non-lawyer reading this, or even if you're a lawyer, it starts out, state in detail the reasons for this appeal. Yes, Your Honor. It doesn't ask for legal authority. It doesn't actually ask for facts. No, Your Honor, but every person that appears before the Board of Immigration Appeals, or even pro se, is bound by the regulations. The regulations provide a little more instruction on what you should say. It specifically says, do not give us just bald statements and do not give us legal conclusions. Give us some sort of idea of what you're talking about. Well, it seems to me that we, as in Vargas, for example, we say, well, look, this is what the board set out for non-lawyers to read, and then we have the warning. The failure to specify the factual or legal basis for this appeal may lead to summary dismissal. Now, that seems to me to give you an alternative. You can state the factual basis or the legal basis. Well, I think it covers what concerns you. It doesn't say factual and legal basis, does it? No, Your Honor, but I think that if it said, I guess maybe it should say and or. Well, it should. Of course it should if you're going to act on it. But it's certainly not misleading. It doesn't say that, though. No, it doesn't, Your Honor. But it's certainly not misleading to anybody. They can state a legal or a factual basis or both if they have one. I would think an ordinary person would think they were stating a factual basis, suffered past persecution, well-founded fear of future persecution. Those are legal conclusions. I don't think those are factual statements. I was deprived of human and legal rights. On what basis? I can never return because I fear for my life. Granted, Your Honor, those are just simple statements of conclusion. They're statements of fact. They're statements of subjective fact. No sort of objective fact is laid there, that I was arrested or I was persecuted, I was harmed. Give them some ballpark idea. It's not a brief. No, Your Honor. You're not expecting in a half a page, as Judge Fernandez has said, the form suggests you're to be very summary. Yes, Your Honor. When you have a concise. It takes up half a piece of paper. You're not expected to write a brief. You're to be concise, Your Honor, but with a point. And this is just a rambling. Why is it rambling? I was threatened to be killed. On what basis? I can never return because I fear for my life. Why does this person fear for life? Now we have to go root like pigs for the truffles to find out why this person fears for his life. Officials of the government, when somebody tells them I may be killed for them to look a little bit, they're not pigs and these aren't truffles. Your Honor, we in the government have, and I can tell you this, limited resources when it comes to border immigration appeals. Now, but you're killing people's lives. You have to take a little responsibility. Yes, Your Honor, we take the responsibility very seriously. All we ask. Brush them off. Well, we can get rid of this one. I heartily think that's a brush off, Your Honor. Well, I haven't yet heard you make a clear distinction from this and Vargas. Your Honor, all I can say to you is that when you look at this notice of appeal, like Vargas, different than Vargas, it doesn't give sufficient notice to the board of what the legal and factual bases are for this appeal, other than just the general conclusions. And the fact that this was a per se alien doesn't have anything to do with it, because in Bon Ami, in the 11th Circuit, a case that has been cited by this court, it didn't matter that it was a per se alien. If the notice was deficient, it's deficient. Let me read you the concluding sentence of Vargas. I'm asking you to review my case, for I consider the interpretation of the law that the immigration judge used was wrong. What was specific about that? Nothing, Your Honor. No. We thought that was good enough. That was good enough in that particular case. In this particular case, it's not good enough. Well, you mean one year later, we have a different standard? I can't speak to that. Just after we've told the board, don't fossick about? Your Honor, I think when you look at this particular notice of appeal. Your Honor, I'll look at the Rojas Garcia's notice of appeal, if we want to compare them. That one said that the immigration judge didn't violate his own pretrial orders by admitting hearsay evidence and by admitting evidence without foundation. That particular order, that particular notice of appeal. You said that? Yes, Your Honor. In your notice of appeal? In Rojas Garcia's. Yes, Your Honor. There was a very specific notice. No, I'm talking about Vargas Garcia. I know, Your Honor. But you're asking me to compare this case to Vargas Garcia. I'm going to compare this case to Rojas Garcia, where it was more specific and yet found inadequate to put the board up. I mean, the hope was contradiction in Ninth Circuit cases, but this case was decided just a year ago. And Rojas Garcia's was decided less than a month ago, Your Honor. Well, maybe once we go on back. Well, you may have to, Your Honor, because in Rojas Garcia's, you had four legal errors alleged. And this Court said that they were not sufficient enough to put the board on notice. I think you're pointing to a problem, but I'm not sure which is the right case. Neither am I, Your Honor. I'm here trying to defend this particular case, not those other two. Well, you like Rojas Garcia. I love Rojas Garcia, Your Honor. I'll say that right off the top. And we know which one Ms. Harris likes. I'm not sure that answers Judge Noonan's concern. I also have one other point, Your Honor, on Rojas Garcia's. The notice to appeal in this case is a little different from Rojas Garcia's, because this notice right below where the alien checked, I intend to file a brief or secondary notice of issues, says that the appeal may be summarily dismissed if you do not file that promise pleading. I don't have the notice of appeal from the Rojas Garcia's case, but I don't believe that warning was there. If I read the opinion correctly, it doesn't seem to be there. This case is different on those grounds also. The notice sufficiently warned this particular alien, you don't file your promise brief or statement of issues, your case will be dismissed. And that's what happened here. So notice is not an issue. If there are no further questions, I just ask that the board's decision be affirmed. Thank you. This argument is submitted.
judges: Noonan, Tallman, Rawlinson